# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. KEENAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Docket no. 2:10-cv-377-GZS |
| INTERNATIONAL ASSOC. OF, MACHINISTS & AEROSPACE WORKERS, et al. | ) |
| Defendants. | ) |

## ORDER ON MOTION TO DISMISS

Before the Court is Defendants' Motion to Dismiss (Docket # 7). As explained herein, the Court GRANTS IN PART and DENIES IN PART the Motion.

### I. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the "legal sufficiency" of a complaint. Gomes v. Univ. of Me. Sys., 304 F. Supp. 2d 117, 120 (D. Me. 2004). The general rules of pleading require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations and alteration omitted).

However, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, — U.S. — , 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer

possibility that a defendant has acted unlawfully." Id. (internal quotation omitted). Thus, faced with a motion to dismiss, the Court must examine the factual content of the complaint and determine whether those facts support a reasonable inference "that the defendant is liable for the misconduct alleged." Id. In conducting this examination of the complaint, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in Plaintiff's favor. Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). However, the Court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. In distinguishing sufficient from insufficient pleadings, which is a "context-specific task," the Court must "draw on its judicial experience and common sense." Id. at 1950 (internal citation omitted).

## II. BACKGROUND

Defendant International Association of Machinists and Aerospace Workers ("IAM") is an international labor organization governed by its Grand Lodge. At all relevant times, Defendant R. Thomas Buffenbarger served as the President of IAM's Grand Lodge. Defendant Lynn Tucker served as the Grand Lodge General Vice President of the Eastern Territory. Defendant William Rudis served as a Grand Lodge representative reporting to Tucker and Buffenbarger.

Plaintiffs are members of Local Lodge S6 ("Local S6"), one of hundreds of local lodges in the IAM. Local S6 represents approximately 3,400 employees of Bath Iron Works. Plaintiff Michael A. Keenan was elected president of Local S6 in 2001 and then re-elected in 2004, 2007 and 2008. Plaintiff Troy E. Osgood was elected vice president of Local S6 in 2001 and then re-elected in 2004, 2007 and 2008. Plaintiff Michael Cyr was elected chief steward of Local S6 in 2001 and similarly re-elected in 2004, 2007 and 2008.

The case marks the latest chapter in an ongoing dispute between Plaintiffs and Defendants.[1] The pending Complaint alleges that Defendants violated Title I of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 et seq. (Count 1). As clarified through the motion papers now before the Court, this claimed violation occurred in connection with disciplinary charges that IAM brought against each of the Plaintiffs on or about September 20, 2008.

Plaintiffs claim that the disciplinary charges were brought "for the purpose of retaliating against [Plaintiffs] and disciplining them in reprisal for exercising the rights guaranteed under [LMRDA]." (Compl. (Docket # 1) ¶ 38.) The Complaint alleges all three Plaintiffs criticized and disagreed with the positions taken by the Grand Lodge on numerous issues. (Id. ¶¶ 10-14.) In particular, the Complaint alleges a disagreement regarding the IAM's Machinists Non-Partisan League Education Fund ("MNPL Fund"), a fund set up by IAM to support political campaigns. This political fund was, by law, voluntary. Under Keenan's leadership, Local S6 had declined to pay into the MNPL Fund. Following the February 12, 2008 special election, Tucker called Keenan (who had just been re-elected to the Local S6 President position) and requested a meeting. At the meeting that followed on February 17, 2008, Tucker insisted that Local S6 must make payments to IAM's MNPL Fund. Tucker made clear to Keenan that he would not tolerate Local S6's continued refusal to contribute to the MNPL Fund. In response, Keenan indicated that he would not approve a contribution by Local S6. (Id. ¶ 29.) Following this meeting, Tucker met with other Grand Lodge representatives, including Rudis, and "set in

---

[1] The previous iteration of the parties' dispute is documented in a prior opinion by this Court. See Keenan v. Int'l Ass'n of Machinists & Aerospace Workers ("Keenan I"), 632 F. Supp. 2d 63 (D. Me 2009) (granting defendants summary judgment on claims related to the imposition of a trusteeship).

motion a plan to remove [Plaintiffs] from office" by bringing disciplinary charges that would bar Plaintiffs from acting as elected officers of Local S6. (Id. ¶ 30.)

Defendants subsequently removed Plaintiffs from their elected positions at Local S6 when Local S6 was placed in trusteeship by Buffenbarger around April 2008.[2] Plaintiffs then challenged the trusteeship by filing a lawsuit with this Court on May 12, 2008. See Keenan v. Int'l Ass'n of Machinists & Aerospace Workers, et al., D. Me Docket No. 2:08-cv-147-GZS. Thereafter, in September 2008, Plaintiffs were notified that IAM was pursuing disciplinary charges against each of them.

Buffenbarger and Tucker allegedly "hand-picked three Grand Lodge employees or representatives to conduct the disciplinary proceedings." (Id. ¶ 35.) "The chairman of the committee [that heard the disciplinary proceedings] was a staff member employed directly in the Grand Lodge's office in Washington. The committee was supported by the Grand Lodge's staff attorneys, and the attorneys and the defendants controlled the proceedings." (Id.) Plaintiffs assert that the "sole purpose" of the disciplinary proceeding "was to find a pretext to hold [Plaintiffs] guilty of the false charges and to impose a penalty disqualifying them from running for office again." (Id. ¶ 36.)

In connection with the disciplinary proceedings, Plaintiffs allege that they "were not told the specifics of the charges against them" prior to the hearing nor were they "given a reasonable opportunity to prepare their defenses." (Id. ¶¶ 39 & 41.) At the disciplinary hearing, Plaintiffs complain that the hearing officers were not impartial, that they were denied the opportunity to "confront their accusers, examine and cross examine witnesses, and submit documentary and testimonial evidence." (Id. ¶¶ 40 & 42.) Following these allegedly flawed hearings, each of the

---

[2] As detailed in the Court's prior order, this trusteeship was reviewed pursuant to IAM's internal procedures and, as a result Buffenbarger decided to continue the trusteeship in August 2008. See Keenan I, 632 F. Supp. 2d at 67-69.

4

Plaintiffs was found guilty of one or more of the disciplinary charges on August 6, 2009. As a result of the guilty findings, each was disqualified from running for a Local S6 office for a period of time. Plaintiffs' Complaint alleges that the period of disqualification imposed on each of them was "excessively long" and that other union members "who actually violated legitimate rules were punished more lightly." (Id. ¶ 44.)

### III. DISCUSSION

Before delving into the primary issue of whether the pending Complaint meets the required plausibility standard, the Court clarifies what informs its view of the alleged facts. Defendants have urged the Court to consider "binding rulings" from the prior summary judgment opinion. (Defs. Mot. to Dismiss (Docket # 7) at 15; see also Defs. Reply (Docket # 18) at 6 n.4.) However, at this stage, the Court declines to rely upon the undisputed facts laid out in Keenan I to supplement or supplant the factual allegations contained in the Complaint. See Keenan I, 632 F. Supp. 2d at 66-68. Defendants are certainly free to affirmatively defend the pending claim based on res judicata or collateral estoppel, if they believe that either doctrine has some application to this matter. See Fed. R. Civ. P. 8(c) (listing res judicata and estoppel as affirmative defenses). These doctrines are the sole means by which the Court will determine that any legal or factual ruling from Keenan I is "binding" on this case. In the Court's assessment, Defendants' Motion does not present a developed preclusion defense as to Plaintiffs' disciplinary action claims. Thus, the Court declines Defendants' invitation to consider certain prior factual findings "binding" in conjunction with the pending Motion to Dismiss.

Likewise, Plaintiffs invite the Court to consider two letters, which they attach as exhibits to their Response (See July 30, 2009 Letters to Buffenbarger (Docket #s 17-1 & 17-2).) The Court has not considered these letters. In the Court's view, consideration of these documents

would require the Court to convert the pending Motion to a motion for summary judgment and then allow a reasonable opportunity for further supplementing the record.[3] See Fed. R. Civ. P. 12(d).

Left with the well-pled factual allegations and the reasonable inferences that may be drawn in Plaintiffs' favor, the Court considers whether the Complaint states a plausible claim for violation of Title I of the LMRDA, which generally "provides a Bill of Rights for union members, guaranteeing equal rights and privileges to nominate and vote for candidates, as well as freedom of speech and assembly and protection from improper discipline." McCafferty v. Local 254, Serv. Employees Int'l Union, AFL-CIO, 186 F.3d 52, 57 (1st Cir. 1999) (citation and internal punctuation omitted). As Defendants readily accede, the Title I guarantees include explicit procedural safeguards for members facing disciplinary action. See 29 U.S.C. § 411(a)(5). In relevant part, LMRDA also protects union members from being suspended or otherwise disciplined for exercising any rights protected by Title I. See 29 U.S.C. § 529. Based on the parties' motion papers, it is clear that both sides agree that Plaintiffs' One-Count Complaint can be read as claiming retaliatory discipline in violation of 29 U.S.C. § 529 and due process violations under 29 U.S.C. § 411(a)(5).

**A. Retaliatory Discipline (29 U.S.C. § 529)**

Defendants themselves acknowledge that the Complaint contains factual allegations regarding "oppositional behavior" by Plaintiffs and more specific allegations regarding the dispute over the MNPL Fund. (Defs. Mot. (Docket # 7) at 11.) However, Defendants argue that

---

[3] The Court recognizes that the July 30, 2009 Letters might be deemed to have "effectively merge[d]" into the Complaint because the Complaint's allegations are linked to and dependent upon the letters, which appear to summarize the results of the IAM disciplinary proceedings against Osgood and Cyr. Trans-Spec Truck Service, Inc. v. Caterpillar Inc., 524 F.3d 315, 321 (1st Cir. 2008) (quoting Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998)). The Court would have been more inclined to adopt this approach if it had been provided a more complete record that included the similar letter that was presumably created regarding the proceeding against Plaintiff Keenan. In the absence of a complete set of letters and any authenticating affidavit for the letters, the Court declines to consider these letters as integral to the Complaint.

"mere temporal proximity" of these events and the disciplinary charges do not make Plaintiffs' claim of retaliation plausible. (Defs. Mot. at 12.) As Defendants note, Plaintiffs will ultimately need to prove that retaliation was the but-for cause of the disciplinary action. See, e.g., Serafinn v. Local 722, 597 F.3d 908, 914-15 (7th Cir. 2010) (concluding that the language of 29 U.S.C. § 529 requires but-for causation). To that end, Defendants urge this Court to follow other district courts, which have concluded that a plaintiff cannot prevail by "demonstrating nothing more than proximity between the protected conduct and the union's action." Johnson v. Holway, 439 F. Supp. 2d 180, 228 (D.D.C. 2006); see also Yager v. Cary, 910 F. Supp. 704, 725 (D.D.C. 1995).

Given the difference in procedural posture, Johnson and Yager are inapposite.[4] Johnson examined causation in the context of a bench trial, which required that the plaintiffs prove causation by a preponderance of the evidence. See Johnson, 439 F. Supp. 2d at 184 & 228-29. Yager involved a motion for summary judgment requiring those plaintiffs to show a trialworthy issue regarding causation. Yager, 910 F. Supp. at 712, 725. Faced only with a motion to dismiss, Plaintiffs' factual allegations are not required to cross these higher hurdles. Rather, the Court need only conclude that the specific factual allegations and reasonable inferences drawn therefrom create a plausible case for but-for causation. In the Court's assessment, the Complaint passes the plausibility hurdle allowing the Court to reasonably infer that Defendants pursued disciplinary action against Plaintiffs in retaliation for exercising their rights under Title I.

**B. Procedural Due Process Violation (29 U.S.C. § 411(a)(5))**

To the extent Plaintiffs' Complaint can be read as alleging violations of the procedural safeguards contained in 29 U.S.C. § 411(a)(5), Defendants argue that these factual allegations

---

[4] Likewise, Commer v. McEntee, 121 F. Supp. 2d 388 (S.D.N.Y. 2000), involved the denial of a motion for preliminary injunction. See id. at 399. Thus, the Court's statement that there was "no connection" shown between the alleged punishment and the union member's exercise of free speech rights bolstered the conclusion that the union member did not have a substantial likelihood of success. See id. at 398.

7

similarly do not satisfy the pleading standards of Iqbal. In relevant part, the Complaint alleges that Plaintiffs "were not told of the specifics of the charges against them before trial" (Compl. ¶39), "were not given reasonable opportunity to prepare their defenses" (Id. ¶41), and "were not given a fair hearing before impartial hearing officers." (Id. ¶40.) Title I of LMRDA explicitly requires that a union member facing disciplinary charges must be: "(A) served with written specific charges; (B) given a reasonable time to prepare his defense; [and] (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5). Juxtaposing the just-quoted language of the statute against the quoted portions of the Complaint, there would appear to be nothing more than "a formulaic recitation of the elements of a cause of action." Iqbal, 129 S. Ct. at 1949. However, the quoted language is not the entirety of the Complaint.

As to the "full and fair hearing" safeguard, Plaintiffs' Complaint includes adequate allegations that the entire panel was "hand-picked" by Buffenbarger and Tucker and that, as a result, they "controlled" the proceedings. (Compl. ¶ 35.) The additional allegations regarding the makeup of the panel adds sufficient factual matter to make Plaintiffs' claim for violation of 29 U.S.C. § 411(a)(5)(C) plausible. See Knight v. International Longshoremen's Ass'n., 457 F.3d 331, 342-43 (3rd Cir. 2006) (explaining that a "full and fair hearing" requires an "unbiased committee" and that even a single biased decisionmaker on a three-person committee can "constitute a denial of the right to a full and fair hearing under the LMRDA.") (internal quotation omitted). Thus, Plaintiffs' claim for violation of 29 U.S.C. § 411(a)(5) survives the pending motion to dismiss on this basis alone—even if the Court were to conclude that the factual allegations related to the other alleged due process violations in 29 U.S.C. § 411(a)(5)(A) & (B) were formulaic and, therefore, insufficiently pled.[5]

---

[5] Viewing the entire Complaint in context, the Court would likely conclude that Plaintiffs also have adequately alleged that Defendants did not comply with the requirement of providing them the written specific charges. See 29

### C. Claims Against Individual Defendants Buffenbarger & Rudis

Defendants alternatively seek dismissal of the Complaint as to two of the individually named Defendants, Buffenbarger and Rudis. In the Court's assessment, Plaintiffs' Complaint contains adequate factual allegations regarding Buffenbarger's role in the disciplinary proceedings, which are the focus of Plaintiffs' claim. (See Compl. ¶¶ 16, 19 & 35.) However, the Court finds no similarly sufficient factual allegations as to Rudis. Therefore, the Court concludes that Plaintiffs' have failed to state a claim as to Defendant Rudis only.

### IV. CONCLUSION

Therefore, the Court GRANTS IN PART AND DENIES IN PART the Motion to Dismiss (Docket # 7). The Complaint shall be DISMISSED as to William Rudis but remain pending as to all other Defendants.

SO ORDERED.

    /s/ George Z. Singal  
    United States District Judge

Dated this 22nd day of September, 2011.

---

U.S.C. § 411(a)(5)(A). Given the plain nature of this requirement, it is hard for the Court to imagine what "further factual enhancement" Plaintiffs could provide beyond simply asserting that the required writing was not provided. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).