## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| MICHAEL A. KEENAN ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Docket no. 2:10-cv-377-GZS |
| ) | |
| UNION OF MACHINISTS & ) | |
| AEROSPACE WORKERS, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

### ORDER & REPORT OF CONFERENCE

In accordance with the Court's prior Orders (ECF Nos. 38 & 41), the Court held a conference of counsel on June 28, 2012. Attorney Leon Rosenblatt appeared for Plaintiffs. Attorneys David Webbert and Raphael Rajendra appeared for Defendants. Following the conference, the Court hereby ORDERS that the following procedure be followed in connection with the discussed motion practice:

On or before **August 8, 2012**, the parties shall file a joint stipulated record using the "Stipulated Record" event in CM/ECF. The first page of the Stipulated Record shall consist of a list describing each exhibit submitted. Each exhibit shall then be clearly labeled and separately attached to this list. The Stipulated Record may include any exhibits and depositions (including any exhibits to the depositions) that all sides agree will be referenced in the statements of material facts. With respect to depositions, counsel shall endeavor to ensure that any deposition excerpt is complete and includes all relevant pages. In the absence of an agreement on what constitutes a complete deposition excerpt, counsel shall include the complete deposition in the joint record. The inclusion of any exhibit in the Stipulated Record does not prevent any party

from later objecting to the admissibility of the document. Likewise, the submission of a joint record does not prevent either side from submitting additional documents with their respective statement of material facts.

The parties indicated that they also intend to file stipulations of fact. The Court encourages the parties to file stipulations of fact that could serve to further streamline the parties' statements of material fact. The Court reminds the parties that they are free to indicate that any such stipulations are admissions solely for purposes of the to-be-filed summary judgment motions. See D. Me. Local Rule 56(g). Any stipulations will be considered by the Court in ruling on the motion and need not be reiterated or referenced in the statements of material fact. As discussed at the conference, the parties are free to submit any stipulations on or before **August 15, 2012**.

On or before **August 15, 2012**, the parties shall file their motions for summary judgment, which shall not exceed twenty (20) pages. See Local Rule 7(e). On or before that day, Defendant shall also file its separate motion for sanctions, which shall not exceed ten (10) pages.

On or before **September 15, 2012**, the parties shall file their responses to all of the motions filed. Summary judgment responses shall not exceed twenty (20) pages. See id. The response to the Motion for Sanctions shall not exceed ten (10) pages.

On or before **September 28, 2012**, the parties shall file all reply memoranda. Each reply shall not exceed seven (7) pages. See id.

The Court also expects the parties' summary judgment filings will comply with all aspects of Local Rule 56. Each side may file a statement of material fact not to exceed eighty (80) separately numbered paragraphs. The parties are reminded that Local Rule 56(f) requires specific record citations for all facts submitted in a statement of material facts. Absent a specific

citation, the Court has no duty to consider any part of the record submitted.  To the extent any party will rely on a page of the joint record for a specific citation, the Court encourages the parties to use the "PageID #" generated by CM/ECF, particularly if the alternative pin citation may not be readily apparent to the Court.  To the extent that any party qualifies or denies a statement of material fact based on the anticipated motion for sanctions, the denial or qualification shall explicitly reference the pending motion.

With respect to the prior stay of Scheduling Order deadlines (ECF No. 38), it appears that the only deadline that may remain after the anticipated motions for summary judgment is the ready for trial deadline.  This deadline shall remain stayed until the Court issues its ruling on the motions for summary judgment.  To the extent that any issues remain for trial at that time, the Court anticipates that this case would be placed on the next available trial list following the Court's summary judgment decisions.

SO ORDERED.

/s/ George Z. Singal  
United States District Judge

Dated this 28th day of June, 2012.